## SUPREME COURT—IN BANCO.

### JULY TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

ROBERT STERLING, MINISTER OF FINANCE, *vs.* H. R. HOLLISTER.

WHERE merchandise was purchased in New York, sent overland to San Francisco and thence shipped to Honolulu, the invoice being certified by the Hawaiian Consul in San Francisco, and not including the charge for overland freight, HELD that it was not legal to charge duty in such freight.

OPINION OF THE COURT BY ALLEN, C. J.

This is a case of submission under the statute upon an agreed statement of facts.

It appears that in August, 1872, a quantity of tobacco was purchased in New York by Hollister & Co. and dispatched to Honolulu, via San Francisco. At the time, the tobacco was

Robert Sterling, Minister of Finance, *v.* H. R. Hollister.

under the control of the excise authorities of the United States, the duties not having been paid, but at San Francisco they were released from the charge of the United States authorities and placed by plaintiffs on board the bark D. C. Murray to be transported to Honolulu.

That in San Francisco, an invoice of the tobacco was sworn to by plaintiff and certified by the Hawaiian Consul at that port, in which the charge for freight overland from New York to San Francisco was not made. But upon the arrival of the tobacco and entry of same at the Custom House, in Honolulu, the Collector-General charged duties upon the overland freight in addition to the duties charged upon the original cost of said goods. And the question submitted by the parties is, whether the charge of duties on the amount of the overland freight from New York to San Francisco is legally made. A duty is imposed by law on tobacco of 15 per cent. ad valorem, and by the Act of 1864, a consular certificate is required to be attached to the invoice of goods imported from foreign countries, that the same contains a true and faithful account of the goods, wares and merchandise therein described at their market value, at the time the same were procured, with all charges. It is further required that the inward entry shall contain a full statement of what is designed to be landed with the invoice price and costs and charges.

The law does not state expressly what are the costs and charges.

In the case of Hutton *vs.* Schell, 6 Blatchf., 48, the Court say : "There is nothing in the provisions of the Act of Congress of March 3d, 1851, (9 U. S. Stat. S. 629) authorizing a Collector of Customs to require an importer to add to his invoice, as part of the dutiable value of merchandise, charges for inland or coastwise transportation to the foreign port of shipment of such merchandise. And there is no distinction between inland and water freight in such a case. 1868, Hutton *vs.* Schell, 6 Blatchf., 48."

Robert Sterling, Minister of Finance, *v.* H. R. Hollister.

There is no provision of law in any commercial country that adds to the invoice, on which to assess duties, the freight from the place of shipment to the port of destination. It is regarded, however, as a legitimate charge on the freight of goods from the manufactory for example to the place of export. It is not pretended that freight from New York to San Francisco via Cape Horn and the Isthmus of Panama would constitute a charge on the goods on which to assess duties. Why then should it be imposed on the freight by land ?

If a man dispatches goods from New York to Honolulu, via San Francisco by railroad, there seems to be no good reason why duties should be imposed on the freight in the one case, more than in the other.

But it is said that he has made his election of a port of export, and should submit to all the charges made upon the goods prior to their arrival at that port. It is true he obtained the consul's certificate there, when perhaps he should have done it in New York, but this consideration does not affect the main question. The facilities of transportation by land are improving and there seems no good reason why additional charges should be imposed on goods transported by land over those by sea, and the question is, whether at the time this tobacco was despatched from New York its destination was Honolulu, and that being admitted we are of opinion that there is no more reason for imposing this charge, upon which to assess duties, than if sent by sea.

The law does not impose it in terms, and it is a new question, arising from the great extent of railroad transportation.

It would seem to be unwise to discriminate against railroad transportation. The statutes refer merely to the place of export, and to cost and charges.

Attorney General A. F. Judd for the plaintiff.

S. B. Dole for the defendant.